

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 30, 1975

The Honorable Jack K. Williams
President
Texas A&M University
College Station, Texas   77843

Opinion No. H-655

Re: Whether a state university
can erect a building on land
subject to a possibility of reverter.

Dear Dr. Williams:

You have requested our opinion concerning the authority of the Texas
A&M University System to erect a building on land subject to a possibility of
reverter.   The land involved in your request was deeded to the University
from the United States of America on November 21, 1974.   The deed contains
four conditions subsequent which in essence are as follows:

1.   The property will be used for educational purposes
in accordance with the plan set out in the application.

2.   The grantee can sell, lease, encumber and otherwise
dispose of the property only as authorized in writing by the
grantor.

3.   Grantee must file annual reports as to the operation
and maintenance of the property.

4.   Grantee will comply with all civil rights statutes and
regulations pertaining to discrimination on grounds of race,
color or national origin for so long as the property is used
for a purpose for which federal financial assistance is
provided.

The breach of any of the above conditions can result in the reversion of
the property to the grantor at the grantor's option.   The first three conditions
expire after thirty years but no expiration date was set for the fourth condition
although the fourth condition is inoperable if the facilities located on the land
involved receive no federal financial assistance.

p. 2877

Abrogation of the first three primary conditions may be obtained by certain payments to be made by grantee which amount to the current fair market value of the land as of the date of abrogation less a 3 1/3% credit for each year the grantee has complied with the conditions.

Section 85. 23(a) of the Education Code, which is applicable to the Texas A&M University System, provides that the University's Board of Directors:

> . . . may contract with persons, firms, or corporations for the purchase, acquisition, or construction of permanent improvements on or conveniently located with reference to the campus of any institution of the system; and may purchase, sell, or lease lands and other appurtenances for the construction of the permanent improvements. However, no liability shall be incurred by the State of Texas under this subsection.

There are no express restrictions on the form of contract to be utilized in the purchase of lands for the erection of permanent improvements.

The Board is expressly authorized to erect buildings on leased land. Thus, in our opinion, this section would in this case permit permanent improvements to be erected on land owned subject to a possibility of reverter, for while a lease will usually contain a termination date, the land involved in your request will remain the property of the University so long as the conditions subsequent are not breached. Thus, the University may retain title to this property indefinitely. Accordingly, in our opinion, the Texas A&M University System is statutorily authorized to erect permanent improvements on this land. We do not consider the effect, if any, of Senate Bill 706, Acts 1975, 64th Leg., which relates to construction of physical plants at institutions of higher learning in the State of Texas.

In addition, we are aware of no constitutional inhibitions to the erection of such permanent improvements. In the similar context of improvements on leased land, we have held that article 3, section 51 of the Texas Constitution and its associated provisions would not be violated if the expenditure:

is for a proper public purpose and if the consideration or benefit to the public is adequate. Attorney General Opinion H-403 (1974).

Having determined this test to be satisfied we have upheld expenditures for improvements on leased land. Attorney General Opinions H-403 (1974), H-257 (1974). Since the public purpose and beneift are evident in the instant case, and since there is less possibility of divestiture in this case than in those involved in our prior opinions, we believe the proposed expenditures would be clearly constitutional.

### SUMMARY

The Texas A&M University System may erect permanent improvements on certain land owned by the System subject to a possibility of reverter.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb